# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**MELETA JACK**                                                                    **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:15-CV-230-KS-RHW**

**DOLLAR GENERAL CORPORATION**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendant's Motion to Dismiss [3]. Plaintiff's claims of libel, defamation, false arrest, false imprisonment, abuse of process, intentional infliction of emotional distress, "unreasonable seizure," and "outrage" are barred by the applicable statute of limitations and, therefore, dismissed with prejudice.

### I. BACKGROUND

On April 5, 2014,[1] Plaintiff was arrested and charged with shoplifting a block of cheese worth $2.95 from Defendant's store in Lucedale, Mississippi. She bonded out on April 7, 2014, and the charges were dismissed on August 7, 2014, when the store manager did not appear for the hearing. Plaintiff filed this lawsuit against Defendant, alleging a variety of claims. She contends that Defendant's store manager caused her to be arrested without probable cause by falsely reporting to the police that she had shoplifted the cheese. Defendant filed a Motion to Dismiss [3] several of Plaintiff's

---

[1]Plaintiff alleged in her Complaint [1-1] that she was arrested on July 5, 2014, but the public records attached as exhibits to Defendant's motion demonstrate that Plaintiff was arrested on April 5, 2014. The Court provided Plaintiff with an opportunity [15] to provide her own evidence in response to Defendant's motion. She failed to do so.

claims, which the Court now addresses.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"[W]hen matters outside the pleading are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *see also* FED. R. CIV. P. 12(d). If the Court considers the matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, the

court may "permissibly refer to matters of public record" when addressing a motion to dismiss under 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994); *see also Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

Defendant attached several exhibits to its motion [3-2, 3-3, 3-4, 3-5]. All of them are public records, but in an abundance of caution, the Court provided Plaintiff with notice [15] that it intended to consider the exhibits and an opportunity to submit her own evidence, in accordance with Rule 12(d). Plaintiff did not respond.

### III. DISCUSSION

Defendant argues that several of Plaintiff's claims are barred by the applicable statute of limitations.

### A.    *Libel/Defamation*

Claims for defamation are subject to a one-year statute of limitations. MISS. CODE ANN. § 15-1-35; *Southern v. Miss. State Hosp.*, 853 So. 2d 1212, 1213-14 (Miss. 2003). A defamation claim accrues "on the date the allegedly defamatory material is first published to a third person or to the public at large . . . ." *Lane v. Strang Commc'ns. Co.*, 297 F. Supp. 2d 897, 900 (N.D. Miss. 2003); *see also Fairley v. ESPN, Inc.*, 879 F. Supp. 2d 552, 554-55 (S.D. Miss. 2012).

In her Complaint [1-1], Plaintiff alleged three defamatory statements. First, on April 4, 2014, Defendant's store manager executed a statement [3-2] in support of the shoplifting charge against Plaintiff. Second, concurrent with the written statement, Defendant's store manager otherwise communicated to officers of the Lucedale Police Department that Plaintiff shoplifted goods from the store. Third, on April 25, 2014,

Defendant's store manager executed a criminal affidavit [3-3] in the Lucedale Municipal Court. It appears to be undisputed that these statements were published to a third party on or before April 25, 2014. Plaintiff filed this case on June 17, 2015 – almost two months after the statute of limitations expired. Therefore, Plaintiff's defamation claims are barred by the applicable statute of limitations.

In briefing, Plaintiff argues that she did not limit her defamation claims to the statements identified in her Complaint. However, "[i]n Mississippi, a complaint alleging defamation must set forth the statements, paraphrased or verbatim, that constituted the defamation." *Cooper v. Paragon Sys., Inc.*, No. 5:08-CV-169-DCB-JMR, 2008 U.S. Dist. LEXIS 67761, at *8 (S.D. Miss. Sept. 5, 2008) (citing multiple cases); *see also Ducksworth v. Rook*, No. 2:14-CV-146-KS-MTP, 2015 U.S. Dist. LEXIS 20563, at *12 (S.D. Miss. Feb. 20, 2015); *Hayne v. Innocence Project*, No. 3:09-CV-218-KS-LRA, 2011 U.S. Dist. LEXIS 5586, at *5-*6 (S.D. Miss. Jan. 20, 2011). Plaintiff did not plead any other allegedly defamatory statements. Therefore, no such claims are currently before the Court.

**B.    *False Arrest/False Imprisonment***

The statute of limitations for a claim of false arrest or false imprisonment is one year after the claim accrues. MISS. CODE ANN. § 15-1-35; *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *10-*11. Claims of false arrest and false imprisonment accrue on the day of arrest. *Hagan v. Jackson County*, No. 1:13-CV-268-HSO-RHW, 2014 U.S. Dist. LEXIS 138678, at *38 (S.D. Miss. Sept. 30, 2014); *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1217-18 (Miss. 1990). Plaintiff was arrested on April 5, 2014. She filed her

Complaint [1-1] on June 17, 2015, over two months after the statute of limitations expired. Therefore, Plaintiff's claims of false arrest and false imprisonment are barred by the applicable statute of limitations.

Plaintiff argued in briefing that her false arrest/false imprisonment claims accrued on "the date of the outrageous conduct," which continued until the charges against her were dropped on August 7, 2014. However, she alleged no facts regarding these "continuing" outrageous acts, and, regardless, she cited no legal authority to support this "continuing violation" theory of accrual.

Plaintiff also argued that her false arrest and false imprisonment claims were tolled by the discovery rule. Unlike the "catch-all" statute of limitations provided at MISS. CODE ANN. § 15-1-49, the statute of limitations for intentional torts at MISS. CODE ANN. § 15-1-35 has no discovery rule. *See Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 632, 641 (N.D. Miss. 2013) (no discovery rule applied to battery claim). Therefore, "a cause of action involving an intentional tort begins to run from the time the individual is injured and not its discovery unless the running of the limitations period is tolled by fraudulent concealment of the cause of action." *Id.* (quoting *Goleman v. Orgler*, 771 So. 2d 374, 377 (Miss. Ct. App. 2000)). Here, Plaintiff did not allege any facts indicating fraudulent concealment, or that she was otherwise unaware of her injury, i.e. her arrest.

## C.    *Abuse of Process*

The statute of limitations for abuse of process is one year after the claim accrues. *Suthoff v. Yazoo County Industrial Dev. Corp.*, 722 F.2d 133, 136 (5th Cir. 1983);

*Harried v. Krutz*, 813 F. Supp. 2d 835, 840 (S.D. Miss. 2011); MISS. CODE ANN. § 15-1-35. The claim accrues "at the termination of the acts which constituted the abuse complained of, and not from the completion of the action which the process issued . . . ." *Harried*, 813 F. Supp. 2d at 841. The only acts by Defendant or its employees which Plaintiff alleged in the Complaint [1-1] occurred on or before April 25, 2014. Plaintiff filed her Complaint [1-1] on June 17, 2015. Therefore, Plaintiff's abuse of process claim is barred by the applicable statute of limitations.

**D.     IIED**

The statute of limitations for intentional infliction of emotional distress is one year after the claim accrues. MISS. CODE ANN. § 15-1-35; *Trustmark Nat'l Bank v. C. Brent Meador*, 81 So. 3d 1112, 1118 (Miss. 2012). A claim for intentional infliction of emotional distress accrues on the date upon which the intentional acts forming the basis of the claim occurred. *CitiFinancial Mortg. Co. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007); *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *11. The only acts by Defendant or its agents which Plaintiff alleged in the Complaint [1-1] occured on or before April 25, 2014. Plaintiff filed her Complaint [1-1] on June 17, 2015. Therefore, Plaintiff's IIED claim is barred by the applicable statute of limitations.

Plaintiff repeated her argument based on a "continuing violation" theory of accrual. The Court rejects that argument for the same reasons provided above.

**E.     "Unreasonable Seizure"**

Plaintiff concedes that her "unreasonable seizure" claim is a restatement of her false arrest/false imprisonment claims. Therefore, for the same reasons provided above,

the Court finds that it is barred by the applicable statute of limitations.

### F.    *"Outrage"*

Plaintiff concedes that her "outrage" claim is a restatement of her IIED claim. Therefore, for the same reasons provided above, the Court finds that it is barred by the applicable statute of limitations.

## IV. CONCLUSION

For the reasons above, the Court **grants** Defendant's Motion to Dismiss [3]. Plaintiff's claims of libel, defamation, false arrest, false imprisonment, abuse of process, intentional infliction of emotional distress, "unreasonable seizure," and "outrage" are barred by the applicable statute of limitations and, therefore, dismissed with prejudice.

SO ORDERED AND ADJUDGED this 15th day of September, 2015.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE